# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC THOMAS FLORES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ON HABEAS CORPUS,<br><br>　　　　　Respondents. | 1:10-cv-02234-LJO-JLT HC<br><br>ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his Petition on December 2, 2010. (Doc. 1). Petitioner alleges the following grounds for relief: (1) the trial court erroneously refused a defense-requested jury instruction on the defense of third party culpability; (2) the trial court failed to sua sponte instruct on the principles of accomplice testimony relating to witnesses Tierce and Ramirez; (3) the trial court erred in instruction the jury on flight as evidence of consciousness of guilt; and (4) the trial court improperly instructed the jury that specific intent is a necessary element of second degree murder. (Id.).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

As discussed more fully below, from the Court's preliminary review of the petition, it does not appear that any of the four grounds raised in the instant petition alleges a violation of federal constitutional principles. To the contrary, it appears that all four grounds sound only in state law. Moreover, because Petitioner has failed to name a proper Respondent, the Court lacks jurisdiction to proceed. Because these deficiencies can, in theory, be cured by amendment, the Court will order Petitioner to file an amended petition that states only cognizable federal claims and that names a proper Respondent.

**I. Failure To Raise Cognizable Claims**.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of § 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

As explained previously, the four claims in the instant petition contend that the trial court erred in giving or failing to give certain jury instructions to the jurors. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state

court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

As such, it appears that Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Additionally, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

Regarding jury instructions, the issue of whether a jury instruction is a violation of state law is neither a federal question nor a proper subject for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 68 (1991). ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

Petitioner will be required to file a first amended petition in which he alleges violations of federal constitutional law as indicated in the citations referenced above. If he is unable to do so, the Court will recommend dismissal of the petition for failure to state a claim for which habeas relief can be granted.

///

**II. Failure to Name A Proper Respondent.**

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360. When a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner asserts that he is incarcerated at the High Desert State Prison, Susanville, California. The individual in charge of that facility is Mike McDonald. "On Habeas Corpus" is not the warden or individual in charge of the institution where Petitioner is confined, and thus is not the person having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over Petitioner. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner's failure to name his custodian as a respondent deprives this Court of personal jurisdiction to consider his petition. Stanley, 21 F.3d at 360; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1.  That Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition. Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of

said claim(s), and must name a proper Respondent. With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.[1] The Court will not consider the original petition. Petitioner is reminded that each claim *must* state a cognizable federal claim;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **January 6, 2011**                              /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).